UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WELDON B. BRYANT, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV00161 ERW |
| | ) | |
| LAIKO INTERNATIONAL CO., INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [doc.

#16], Plaintiff's Motion for Leave to Withdraw certain Admissions [doc. #23] and Plaintiff's

Motion for Leave to Amend the case Management Order [doc. #24].

**I. Background Facts**[1]

Plaintiff is an individual citizen of the State of Missouri and resides in Ripley County,

Missouri. Defendant is a corporation incorporated under the laws of the State of California with

an office located in the City of Industry, California. The parties agree that on September 24,

2000, Plaintiff and a friend of the Plaintiff, then age nine, were using a toy helicopter ("subject

copter") which flew vertically two feet and then flew horizontally toward the Plaintiff, striking

the plaintiff in the head and face, causing injuries. Plaintiff was standing two to three feet behind

the minor child when the subject copter was launched. Plaintiff alleges that he purchased the

subject copter, with the minor child, on September 24, 2000, at the Show-Me Center located in

---

[1]The Court's recitation of facts is taken from Defendant's statement of uncontroverted
facts and Plaintiff's response to Defendant's statement. Where a fact is disputed, that dispute is
noted in the Court's recitation.

Cape Girardeau, Missouri. Plaintiff further alleges that the packaging identified the toy as a "Zoom Copter," and that it was safe for children over age five. The Parties agree that the instructions on the package were sufficient, but disagree over whether or not Plaintiff followed those instructions. Plaintiff alleges that the Defendant manufactured, designed, distributed, furnished and sold the Zoom Copter which was responsible for Plaintiff's injuries; the Defendant denies this. Plaintiff further alleges that the Zoom Copter was defective.

Count I of Plaintiff's complaint alleges that the Defendant was negligent in failing to use ordinary care in the manufacture, design, distribution, furnishing and sale of the Zoom Copter as well as in failing to use ordinary care in warning of the risk of harm because of the dangerous condition of the Zoom Copter. In Counts two through five the Plaintiff alleges strict liability on the basis of design defect (Count II), manufacturing defect (Count III), failure to warn (Count IV), and breach of warranty (Count V). The Defendant denies all of the allegations made by the Plaintiff.

The Defendant's main defense is that they are not the manufacturer, or distributor of the subject copter. The Defendant points to affidavit testimony, as well as Plaintiff's deposition testimony to show that the bar code and markings on the package identified by Plaintiff as the package in which the subject copter was packaged, belong to a different toy distributer. Plaintiff's affidavit testimony refutes this. Defendant further argues that Plaintiff's claims must fail because Plaintiff has not named an expert and because of the obvious and apparent nature of the alleged dangerous condition. As the lack of expert testimony is dispositive in this case, the Court does not address Defendant's argument that the condition was obvious and apparent.

Discovery in this case included requests by the Defendant for admissions, which were mailed to the Plaintiff on May 23, 2006. The Plaintiff responded to these requests for admissions

on August 15, 2006, at the same time he sought leave of the Court to withdraw certain

admissions [doc. #22-6].[2]

## II.  PLAINTIFF'S MOTION TO WITHDRAW CERTAIN ADMISSIONS

### A.  STANDARD FOR WITHDRAWING ADMISSIONS

Under Federal Rule of Civil Procedure 36(a), "[a] party may serve upon any other party a

written request for admission . . .  of any matters within the scope of Rule 26(b)(1) [discovery]."

Fed. R. Civ. P. 36(a) (2006).  This rule further states that the matter on which an admission is

requested "is admitted unless, within 30 days after service of the request, or within such shorter or

longer time as the court may allow . . .  the party to whom the request is directed serves upon the

party requesting the admission a written answer or objection addressed to the matter, signed by

the party or by the party's attorney." Fed. R. Civ. P. 36(a) (2006).  Rule 36(b) provides the

standard to be used in determining whether a party can change a previous response to an

admission; "the court may permit withdrawal or amendment when the presentation of the merits

of the action will be subserved thereby and the party who obtained the admission fails to satisfy

the court that withdrawal or amendment will prejudice that party in maintaining the action or

defense on the merits."  Fed.R.Civ.P. 36(b).

The Eighth Circuit has held that "[t]o allow a late filing of answers (to a request for

admissions) is the equivalent of allowing a party to withdraw admissions made by operation of

Rule 36(a)." *Warren v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen

and Helpers of America*, 544 F.2d 334, 339 (8th Cir. 1976).  *See also Pleasant Hill Bank v.

United States of America*, 60 F.R.D. 1 (W.D.Mo., 1973).  Therefore, the Court adopts the same

---

[2]Responses were deemed admitted because Plaintiff failed to respond within the 30 days
allowed for responses under Fed.R.Civ.P. 36(a).

test for late responses to a request for admissions, as for withdrawal of an admission. *Id.* at 340.

This approach is further supported by the language in Rule 36(a) that grants the court the

authority to extend the period for a party to respond to an admission. F.R.Civ.Pro. 36(a). The

Eighth Circuit, in interpreting this language, stated that "courts and commentators view this to

mean that the court, in its discretion, may permit the filing of an answer that would otherwise be

untimely." *Gutting v. Falstaff Brewing Corporation*, 710 F.2d 1309, 1312 (8th Cir. 1983). This

is the standard that this Court will use in determining whether the Plaintiff should be permitted to

withdraw his admissions that resulted from a failure to timely answer the Defendant's request for

admissions.

**B. DISCUSSION**

The two-prong test requires the Court to consider both the "effect upon the litigation and

prejudice to the resisting party." *Federal Deposit Insurance Corp. v. Prusia*, 18 F.3d. 637, 640

(8th Cir. 1994). This test does not require the court to look at the moving party's excuse for

failing to respond, or for an erroneous admission. *Id.* (citing 10A *Federal Procedure* L.Ed.

§26.500 (1988)) ("does not require the moving party to prove excusable neglect.").

**1. Subserve the merits of the Case**

The first requirement is that the Court consider the effect upon the litigation, "whether

permitting the amendment [or withdrawal] would . . . subserve the presentation of the merits of

the . . . action." *Id.* at 640. If the admissions will prevent the moving party from having its claim

considered, then allowing the amendment or withdrawal will subserve the merits of the case. *Id.*

*See also Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) ("Defendants' requested admissions

negated all of plaintiff's allegations. Therefore, allowing the admissions to stand would block any

consideration of the merits.").

In the present case, the admissions requested by the Defendant would completely defeat Plaintiff's claims, as they result in the Plaintiff admitting that Defendant did not manufacture or distribute the Zoom Copter that injured the Plaintiff. *Def. Memo. In support of Mot. S.J.*, Ex.1. Specifically Defendant asked Plaintiff to admit that pictures and symbols on the back of the packaging were "true and accurate representations of the pictures and symbols that appeared on the back of the packaging that packaged the copter which injured the plaintiff's eye on September 24, 2000." *Id.* at Ex. 1, Admission #10. Defendant further asked the Plaintiff to admit that the serial number was the number that appeared on the picture of the packaging which had been identified as the package of the subject copter. *Id.* at Ex. 1, Admission #11. These pictures were labeled Exhibits B and C during Plaintiff's deposition. Defendant was then able to argue that the packaging was from a different toy distributer's copter and therefore they are not liable for any of the Plaintiff's alleged damages. *Def. Mot. for Sum. Judg.* Plaintiff seeks to now respond to the request for admissions and deny that the package shown in Exhibits B and C, is the package that packaged the subject copter. *Plaintiff's Responses to Def. First Req. For Admissions*, Admission #9, 10. Whether the package shown as Exhibit B and Exhibit C is the packaging of the copter that injured the Plaintiff is a key issue in the case, as the packaging shown in these photographs contains a serial number that is identified as belonging to a toy manufacturer other than the Defendant. *Def. Mot. Sum. Judg.*, Ex. III. Therefore, if the Plaintiff is not permitted to submit late responses to the Defendant's request for admissions, the merits of the case will never be reached; whether the Defendant distributed the toy copter that injured the Plaintiff and whether they did so in a negligent manner or are liable under the theory of strict liability. Thus, the first prong of the test is satisfied; allowing Plaintiff's untimely response to the request for admissions will subserve the merits of the lawsuit.

## 2. Prejudice to the Resisting Party

The second requirement under Rule 36(b) is that the party that obtained the admission (the resisting party) must show that withdrawal "will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). The resisting party, has the burden of proving they will be prejudiced by the Court granting the motion. *Federal Deposit Insurance Corp.*, 18 F.3d. at 640 ("the party who obtained the mistaken admission . . . has the burden of proving that an amendment would prejudice him."). The prejudice the resisting party must show is more than simply "[t]he necessity of having to convince the trier of fact of the truth of a matter erroneously admitted . . .." *Id.* Rather, "the prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting*, 710 F.2d 1309, 1314 (citing *Brook Village North Associates v. General Electric Co.*, 686 F.2d 66,70 (1st Cir. 1982)) .

The Defendant in the present case asserts that they will be prejudiced if the Plaintiff is allowed to submit late responses to Defendant's request for admissions. *Def. Response to Plaintiff's Motion to Withdraw Admissions.* However, the Defendant provides little support for this contention. They cite the case *Missouri Housing Development Commission v. Brice*, 919 F.2d 1306 (8th Cir. 1990), however, their reliance on this case is misplaced as it is addressing the Defendant's right to amend its answer, not to amend answers to admissions. *Id.* at 1314. Furthermore, even if the Defendant was correct in relying on this opinion, the facts are distinguishable, in that case the trial court had granted summary judgment prior to the defendant seeking to amend his answer. *Id.* at 1316. In *Federal Deposit Insurance Corporation*, the Eighth Circuit is clear that "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." 18 F.3d. at 640. *See also Davis v. Noufal*, 142 F.R.D.

258, 259 (D.D.C. 1992) ("Although defendants did file a motion for summary judgment, that fact does not establish the requisite level of prejudice.").

Although filing a motion for Summary Judgment will not alone be sufficient to show prejudice to the resisting party, if the resisting party can show that they will not be able to adequately prepare their case, because of the need to prove those facts previously admitted, the motion will be denied. The Defendant claims that it will be required to engage in significant new preparation based on new packaging that is not currently available to the Defendant.[3] Defendant's argument seems to overstate the result of Plaintiff denying the current packaging was that which packaged the subject copter. The Defendant is not foreclosed from pointing to Plaintiff's deposition testimony, as they did in their motion for summary judgment, or from arguing at trial that the packaging is in fact that which packaged the subject copter and that they, in fact, did not manufacture, distribute, design, furnish or sell said copter. Further, the claims made by Plaintiff remain the same, regardless of the admissions as to the packaging. Until June 23, 2006, the date Plaintiff was to respond to Defendant's request for admissions, Defendant had to prepare to defend against all of plaintiff's allegations. Plaintiff actually responded less than two months later, on August 15, 2006.

Furthermore, no delay will result from allowing Plaintiff to withdraw its initial admissions, as the Defendant has fully briefed their motion for Summary Judgment, both on the basis of the admissions by the Plaintiff, as well as on the merits of each count. In *pleasant Hill Bank v. United States*, the court held that where no delay resulted from the withdrawal, then the resisting

---

[3]Defendant's Response to Plaintiff's Motion to Withdraw Certain Admissions, at p. 2. ("Plaintiff's new claim that the packaging is not what he previously purported it to be will require Defendant to engage in significant new preparation of its case since the warnings and packaging of whatever packaging Plaintiff comes up with will be a significant part of any such case.").

party is not prejudiced and the moving party should succeed.  60 F.R.D. 1, 3 (W.D. Mo. 1973).

This is also supported by a Tenth Circuit decision that states if an admission "has not yet become

part of a pretrial order, the court may allow the party to withdraw or amend it. . . ." *Durability*

*Inc. v. Sovereign Life Insurance Co.*, 212 F.3d 551, 556 (10th Cir. 2000).  In the present case no

action has been taken based upon Plaintiff's admissions, and the pending motion for summary

Judgment has not been ruled.

The Defendant has not met its burden of proving prejudice by allowing the Plaintiff to

withdraw their admissions and the merits of the case will be subserved by allowing the

withdrawal.  Therefore, the Court will grant Plaintiff's motion to Withdraw Certain Admissions.

## III.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND CASE MANAGEMENT ORDER

The Plaintiff filed a motion for leave of Court to amend the Case Management order to

allow the Plaintiff to name an expert witness [doc. #22-8].  According to the initial Case

Management Order the Plaintiff was to disclose all expert witnesses and provide the reports

required under Rule 26(a)(2), no later than April 3, 2006.  Fed. R. Civ. P. 26(a)(2).  The case is

currently set for trial on October 23, 2006.

### A. STANDARD

The Federal Rules of Civil Procedure provide that "a party shall disclose to other parties

the identity of any person who may be used at trial to present evidence under Rules 702, 703, or

705 of the Federal Rules of Evidence."  Fed. R. Civ. P. 26(a)(2).  Rule 26(a) provides the time

limits within which such disclosures must be made. Fed. R. Civ. P. 26(a)(2)(C).  The rule provides

that "[t]hese disclosures shall be made at the times and in the sequence directed by the court.  In

the absence of other directions . . .  the disclosures shall be made at least 90 days before the trial

8

date." *Id.* The rule is clear that the parties are obligated to disclose any expert that will be testifying and their reports; "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

## B. DISCUSSION

The district court has discretion in allowing modification of the case management order, as well as discretion in allowing witnesses to testify that were not identified prior to trial. *See e.g. Blue v. Rose*, 786 F.2d 349, 351 (8th Cir. 1986) ("It is fundamental that it is within the trial court's discretionary power whether to allow the testimony of witnesses not listed prior to trial."). As the trial is a month away, allowing the Plaintiff to now name an expert who would testify at trial is tantamount to allowing a witness to testify who was not listed prior to trial. The Advisory Committee Notes provide further guidance to the trial court in exercising this discretion, stating that Rule 26(a)(2) "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 Advisory Committee Notes, 1993 Amendments. The case law is clear that it is peculiarly within the discretion of the trial court to allow the testimony of a witness that was not designated in accordance with court rules or the case management order. *Harris v. Steelweld Equipment Co., Inc.*, 869 F.2d 396, 399 (8th Cir. 1989).

This Court allowed the Plaintiff ample time to obtain an expert witness, and to provide information regarding the expert's testimony and reports to the Defendant; the Rule 16 Conference was held on December 22, 2005, and the Plaintiff had until April 3, 2006 to name an

expert witness. Furthermore, at this stage in the proceedings it is impossible that the Plaintiff

could name an expert witness, and the Defendant would have time to respond to the findings of

that expert witness before trial, which is set for October 23, 2006. Rule 26(a)(2)(C) requires the

Defendant be given at least thirty days to respond to the Plaintiff's designation of an expert, and,

if necessary, to name their own expert. Fed. R. Civ. P. 26(a)(2)(C). In further support of this

decision, the Court notes that although the issue has arisen over whether the Defendant actually

manufactured the toy copter that struck and injured the Plaintiff, this does not change the burden

Plaintiff has had since filing suit of proving all elements of his complaint, many of which may

require the use of expert testimony. The newly discovered evidence of packaging is not sufficient

justification for failing to comply with the Case Management Order. This court therefore denies

Plaintiff's motion to Amend Case Management Order.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.        SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for

summary judgment only if all of the information before the court shows "there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). *See Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The United States Supreme

Court has noted that "summary judgment procedure is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the federal rules as a whole, which are

designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327

(quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**B. DISCUSSION**

Defendant raises several arguments in its motion for Summary Judgment that show there is no material issue of fact and therefore they are entitled to judgment as a matter of law.  Under the rule for deciding Summary Judgment, once the Defendant has presented evidence that there is no triable issue of fact then the burden is on the Plaintiff to provide evidence that is sufficient to meet the standard that a reasonable jury could find in its favor. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324.

### 1.  MANUFACTURER OR DISTRIBUTOR OF THE TOY COPTER

The Defendant has submitted evidence that they are not the distributor of the subject copter.  Under the Missouri Revised Statutes, in order for a products liability action to be successful, the Plaintiff must show that "the defendant, wherever situated in the chain of commerce, transferred a product in the course of his business."  Mo. Rev. Stat. §537.760(1) (2006).  The Defendant points largely to Plaintiff's admissions as evidence that they did not manufacture or distribute the subject copter.  However, as Plaintiff has been permitted to withdraw his earlier admissions, and to deny that the packaging implicated in those admissions is the packaging of the subject copter, it is necessary to look beyond the contents of the admissions. In this case, the Defendant also relies upon the Plaintiff's deposition testimony, as well as expert testimony that the bar code on the implicated package is assigned to a different distributor.[4]  The Plaintiff has responded to this evidence by providing an affidavit explaining what happened to the original packaging, and denying that the packaging that is pictured in the current exhibits is the correct packaging.

---

[4]*See Defendant's Exhibit III*, Doc. #17-10 (An affidavit of an employee of GS1US, which implements standardized identification numbers for bar codes.).

12

In order for the Plaintiff to succeed in defeating the Defendant's motion for summary judgment there must be a proper jury question presented. *Anderson*, 477 U.S. at 249. The evidence submitted by the Plaintiff in opposition to Defendant's motion presents evidence that refutes the Defendant's claim that the packaging in the current exhibits is that of the subject copter and provides an affidavit in support of its contention. In considering the Plaintiff's affidavit, the Court will not consider any inadmissible hearsay, as it is not evidence that the jury would consider were the matter to come before them. *Love v. Commerce Bank of St. Louis, N.A.*, 37 F.3d 1295, 1296 (8th Cir. 1994) ("The district court properly struck the final paragraph of Love's initial affidavit opposing summary judgment because the allegation contained there in . . . was not based on personal knowledge or, at best, was based on inadmissible hearsay."). The Plaintiff presents evidence that Mr. Woo, the vice president of Sales for Laiko International, confirmed that the information relayed to him by the Plaintiff, identified the subject copter as one manufactured by Laiko International. Plaintiff's Affidavit at 19. This evidence would be admissible over any hearsay objection as the admission of a party opponent. Fed. R. Evidence 801(d)(2) (2006).

The Defendant argues that the Plaintiff cannot simply provide an affidavit that contradicts prior deposition testimony to create a triable issue of fact. *Herring v. Canada Life Assurance Co.*, 207 F.3d. 1026, 1030 (8th Cir. 2000) ("we held that a party cannot create a 'sham issue' of fact in an effort to defeat summary judgment by filing an affidavit directly contradicting prior deposition testimony." (Citing *Camfield Tires, Inc. V. Michelin Tire corp.*, 719 F.2d 1361, 1365-66 (8th Cir. 1983)). The Eighth Circuit, in numerous opinions, has voiced a concern that if prior deposition testimony could be "abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment." *Camfield Tires, Inc.*, 719 F.2d

at 1365.  *See also Herring*, 207 F.3d 1026 at 1030; *American Airlines, Inc. v. KLM Royal Dutch Airlines, INC.*, 114 F.3d 108, 111 (8th Cir. 1997).  This is an accurate statement of the general rule, however, courts, including the Eighth Circuit, have been willing to recognize "narrow circumstances" in which a subsequent affidavit is appropriate, and will be considered by the court. *Herring*, 207 F.3d at 1030.  Such circumstances include "to explain certain aspects of the deposition testimony or where the prior testimony reflects confusion on the part of the witness." *Id.* at 1030-31.  A Fifth Circuit opinion, *Kennett-Murray Corp. v. Bone*, described a circumstance where the affidavit served to explain certain aspects of the deposition testimony, and the court recognized that the evidence provided in the affidavit was not at odds with the Defendant's general theory of defense presented in the deposition.  622 F.2d 887, 894 (5th Cir. 1980).  The Plaintiff's affidavit testimony appears to contradict the testimony that he gave during his deposition regarding the packaging that is pictured in Exhibits B and C, however, the affidavit further provides evidence that the Plaintiff was confused during the deposition as to which packaging he was being questioned about during the deposition.  This Court is obligated to accept the Plaintiff's affidavit testimony as true, and as such it creates a factual question over whether the Defendant manufactured the subject copter, as well as showing the Court that the Plaintiff was confused during his deposition which led to the seemingly contradictory testimony.  The jury is under no obligation to believe the Plaintiff, and the Defendant can present deposition testimony contradicting the Plaintiff's current position.  However, the evidence presented by the Plaintiff in his affidavit is entitled to be believed by the Jury and therefore presents a triable issue of fact as to whether the Defendant manufactured the toy copter which struck and injured the Plaintiff. Therefore, the Defendant is not entitled to Summary Judgment on this basis.

### 2.  EXPERT TESTIMONY

As the Plaintiff has failed to name an expert witness, and the Court has denied their

motion to amend to allow them to name an expert witness, the Court must address whether this

failure prevents the Plaintiff from being able to proceed to trial on its allegations.  The Defendant

argues in its Motion for Summary Judgment, that the Plaintiff cannot proceed without an expert

because the question of whether the subject copter was defectively designed, or had inadequate

warnings, requires expert testimony.  If the Defendant is correct in its contention this would

prevent the Plaintiff from proceeding on all counts, as both negligence and strict liability would

require a showing by Plaintiff that Defendant either defectively designed the toy copter or failed to

warn of an unreasonably dangerous condition.

Three of Plaintiff's claims fall under products liability theory; Count II-design defect,

Count III-manufacturing defect, and Count IV-failure to warn.  Under the Missouri Statute, a

strict products liability claim requires the Jury to answer three questions in the Plaintiff's favor: 1)

whether the subject copter was unreasonably dangerous because of a defective condition, or

because of an inadequate warning, 2) that it was placed in the stream of commerce in such

condition, and 3) that the defect was the proximate cause of the plaintiff's injuries.  Mo. Rev.

Stat. §537.760.  Under the Federal Rules of Evidence an expert is permitted to testify "[i]f

scientific, technical, or other specialized knowledge will assist the trier of fact to understand the

evidence or to determine a fact in issue. . .."  F.R.E. 702 (2006).  It is clear that the Court would

permit expert testimony under the federal rules, but as the Plaintiff has failed to name an expert

witness, the Court must look to state law to determine whether expert testimony is required on

the question of product liability.  In other words, whether the Jurors would be able to draw the

correct conclusion from the facts that will be provided at trial without the aid of expert testimony.

*Siebern v. Missouri-Illinois Tractor & Equipment Co.*, 711 S.W.2d 935, 939 (Mo.App., 1986).

In a products liability case, the Missouri Court of Appeals held that in a claim involving a defective tire, "expert testimony is not necessary to establish any of the elements, circumstances will suffice." *Moslander v. Dayton Tire and Rubber Co.*, 628 S.W.2d 899, 904 (Mo.App., 1981). In an Eighth Circuit opinion, the court stated that "proof of a specific defect is not required when common experience teaches the accident would not have occurred in the absence of a defect." *Dancy v. Hyster Company*, 127 F.3d 649, 654 (8th Cir. 1997) (internal quotations omitted). However, other Missouri court decisions, as well as federal diversity cases have held to the contrary. *Davidson v. Besser Co.*, 70 F.Supp.2d 1020 (E.D.Mo., 1999) ("Whether or not the defendant's block-making machine was unreasonably dangerous, because it lacked an interlock safety device, is a conclusion that is sufficiently technical and complex to be outside the common knowledge or experience of a jury; **expert testimony is necessary** to establish liability in such a case."); *Eppler v. Ciba-Geigy Corp.,* 860 F.Supp. 1391, 1394 -95 (W.D.Mo.,1994); *Siebern v. Missouri-Illinois Tractor & Equipment Co.*, 711 S.W.2d 935, 939 (Mo.App. 1986).

On both the question of design, and failure to warn, Missouri courts have always allowed, and often required expert testimony. Whether courts have held expert testimony is required usually turns on the complexity of the subject matter, or whether the circumstances clearly show that the incident could not have occurred absent a defect. In *Davidson*, the court held that a "failure to warn claim requires admissible expert testimony that additional or other warnings might have altered the behavior of plaintiff." 70 F.Supp.2d at 1023. Although the subject matter of the present suit, a toy copter, is perhaps not as complex as automobiles, or farm equipment, the Defendant nonetheless contends that without expert testimony, the Plaintiff cannot show that the subject copter was of a defective design, or had inadequate warnings. They argue this is not a case where "experience teaches the accident would not have occurred in the absence of a defect.

16

*Dancy*, 127 F.3d at 654. The Defendant points out that the Plaintiff has provided no admissible testimony that the copter was in a defective condition. *Def. Mot. For Sum. Judg.* at p. 6. The Plaintiff has provided no basis for a finding that they can prove their case without expert testimony, and without such testimony the Plaintiff's testimony is evidence of an accident. *Shaffer v. Amada America, Inc.*, 335 F.Supp.2d 992, 998 (E.D.Mo., 2003). It is well established that the non-moving party may not rest on the allegations in its pleadings, but rather must present specific evidence showing an issue of material fact. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). Therefore, under the Missouri Statute, Plaintiff has failed to provide evidence of a defective condition, or inadequate warning, defeating his Products Liability claim under Counts II, III, and IV.

The lack of expert testimony is also fatal to the Plaintiff's Breach of Warranty claim. Plaintiff's claim of breach of warranty is based on a defective design of the subject copter which placed it in an unfit condition for the ordinary purpose for which it was used. *Pl. Complaint* at 47-50. In *Chrysler Financial Co., L.L.C. v. Flynn*, a case involving breach of warranty based on alleged design defect, the Missouri Court of Appeals held, "we do not read Missouri law to require expert testimony in all cases to prove that a defect caused the damages alleged. Instead, expert testimony is required only in absence of other direct evidence as to what caused the damage." 88 S.W.3d 142, 152 (Mo.App. 2002). In the present case, the Plaintiff has provided no evidence of what caused the subject copter to injure the Plaintiff, through expert testimony or otherwise. In the case of *Biggerstaff v. Nance*, the Plaintiff's alleged breach of implied warranty of merchantability when a retaining wall collapsed. 769 S.W.2d 470, 471 (Mo.App. 1989). The court held in that case that "[t]he mere showing that the wall fell down did not, of and by itself, furnish proof that it was not constructed in a workmanlike manner. *Id.* at 473. This is analogous

to the case before the court; the fact that Plaintiff was hit by the subject copter, does not in itself provide proof that the copter was designed or manufactured in a manner that made it unfit for its ordinary purpose. Therefore, Summary Judgment is also appropriate on Count V, as the Plaintiff's failure to provide expert testimony, or other evidence of defect, prevents them from proceeding on that basis.

The remaining count the Defendant seeks to dispose of through Summary Judgment is Count I-negligence; the Defendant provides the same lack of expert testimony as the basis for its request. The Plaintiff's negligence claim is based on the failure of the Defendant "to use and exercise ordinary care in the manufacture, design, distribution, furnishing, and sale of the toy helicopter, and further fail[ing] to use and exercise ordinary care to warn of the risk of harm and injury as a result of the dangerous, defective, hazardous and unsafe condition of the toy helicopter." *Pl. Complaint* at ¶17. The Defendant argues that without expert testimony the Plaintiff cannot show that the Defendant was negligent in designing the subject copter, nor can they show a failure to warn. The Plaintiff seeks to rely only on its pleadings as a basis for the Defendant's negligence, and has provided no evidence of how it will prove defective design, or failure to warn without the aid of an expert.

Many of the cases cited above relating to product liability, also addressed the question of expert testimony in a negligence action. For example, in *Biggerstaff*, Plaintiff was alleging negligence in the construction of a retaining wall; the court held that without expert testimony, the Plaintiff's speculation as to why the wall collapsed was not sufficient to support a verdict in her favor. 769 S.W.2d at 473. The Plaintiff's claim requires a showing that further warnings would have prevented injury, or that absent the Defendant's negligence in design, Plaintiff would not have been injured. The Defendant has shown that based upon Plaintiff's deposition testimony, as

well as supporting affidavits, that no evidence has been provided to show a defective design or a lack of adequate warnings. Both of these allegations will require expert testimony, or at the very least some evidence that the Jury can rely upon in making a finding for the Plaintiff. *Moslander*, 628 S.W.2d at 904. As no evidence has been provided by the Plaintiff, this Court finds Summary Judgment appropriate on Count I of Plaintiff's complaint.

### C. CONCLUSION

The Plaintiff has failed to provide sufficient evidence to overcome Defendant's motion for Summary Judgment. All of Plaintiff's claims rely on a defect in design, or a failure to warn of the unreasonably dangerous condition of the subject copter. Without evidence that the subject copter was defectively designed, or that warnings were required, the Plaintiff cannot succeed, as the failure of proof on this essential element makes all other factual disputes between the parties immaterial. The Court concludes that there is no genuine issue of material fact as to any of Plaintiff's counts, and therefore grants the Defendant's motion for Summary Judgment on Counts I-V.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to permit Plaintiff to Withdraw Certain Admissions [doc. #23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to

Amend the Case Management Order to Allow Plaintiff to Name an Expert Witness [doc. #24] is

**DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment

[Doc. #16] is **GRANTED**.


Dated this <u>26th</u> Day of September, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE